UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  **JS-6**

| Case No. | CV 22-1303 PSG (DFMx) | Date | November 23, 2022 |
|---|---|---|---|
| Title | Alders v. Yum! Brands, Inc. et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING Plaintiff's motion for remand, DENYING Plaintiff's motion for attorney's fees, and DENYING AS MOOT Defendants' motion to dismiss or transfer venue.

Before the Court are three motions. The first is a motion to dismiss or, in the alternative, transfer venue filed by Defendants Yum! Brands, Inc. and Taco Bell Corp. (collectively, "Defendants"). *See generally* Dkt. # 8-1 ("*Mot. to Dismiss*"). Plaintiff Tim Alders ("Plaintiff") opposed. *See generally* Dkt. # 27. The second and third are Plaintiff's motion for remand, *see generally* Dkt. # 10-1 ("*Remand Mot.*"), and motion for attorney's fees incurred as a result of the removal, *see generally* Dkt. # 12-1 ("*Fees Mot.*"). Defendants opposed both motions. *See generally* Dkt. # 17 ("*Remand Opp.*"); Dkt. # 18 ("*Fee Opp.*"). Plaintiff replied. *See* Dkt. # 19 ("*Remand Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **GRANTS** Plaintiffs' motion for remand, **DENIES** Plaintiff's motion for attorney's fees, and **DENIES AS MOOT** Defendants' motion to dismiss or transfer venue.[1]

I. Background

This dispute comes before the Court once again. *See generally Alders v. Yum! Brands Inc.*, No. CV 21-1191 PSG (DFMx) ("*Alders I*"). Plaintiff worked for Defendants from 1995 to 2020. *See Complaint*, Dkt. # 1-3, ¶¶ 17–22 ("*Compl.*"). Plaintiff alleges that throughout this 25-year period, Defendants improperly misclassified Plaintiff as an independent contractor as

---

[1] On November 22, 2022, Defendants filed an ex parte application to modify the time to file a reply in support of its motion to dismiss and Joint Rule 26(f) report. *See generally* Dkt. # 28. Because the Court remands the matter to state court, the Court **DENIES AS MOOT** Defendants' ex parte application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1303 PSG (DFMx) | Date | November 23, 2022 |
|---|---|---|---|
| Title | Alders v. Yum! Brands, Inc. et al. | | |

opposed to an employee, and as a result, Plaintiff was ineligible to participate in Defendants' benefit plans. *See id.* ¶ 28.

Plaintiff originally filed his action against Defendants in federal court on July 9, 2021, alleging both federal claims under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq.*, and supplemental state law claims. *See Alders I*, Dkt. # 1 (Complaint); *see also id.*, Dkts. # 14, 15 (First Amended Complaint and Second Amended Complaint). On October 12, 2021, Defendants filed a motion to dismiss Plaintiff's second amended complaint, *see generally id.*, Dkt. # 16, and on February 1, 2022, the Court dismissed Plaintiff's ERISA claims for lack of statutory standing and declined to exercise supplemental jurisdiction over the remaining state law claims, *see generally* Dkt. # 28 ("*Alders I Dismissal Order*"). Specifically, the Court found that Plaintiff was not a plan participant under ERISA because he was excluded from participating in Defendants' plans and therefore did not have a colorable claim to vested benefits.[1] *See id.* at 6–7 (citing *Rosset v. Hunter Eng'g Co.*, No. CV 14-01701 LB, 2014 WL 8623332, at *8 (N.D. Cal. Aug. 15, 2014), and *Saeyoung Vu v. Fashion Inst. Of Design & Merchandising*, No. CV 14-8822 SJO (Ex), 2015 WL 13545180, at *6 (C.D. Cal. July 13, 2015)).

Following the dismissal of *Alders I*, Plaintiff filed the action ("*Alders II*") in Orange County Superior Court on May 20, 2022, alleging the following state law claims:

First Cause of Action: Failure to reimburse expenses, Cal. Lab. Code § 2802. *See Compl.* ¶¶ 35–44.

Second Cause of Action: Failure to pay wages and fringe benefits, Cal. Lab. Code §§ 201–04, 2698 et seq. *Compl.* ¶¶ 45–56.

Third Cause of Action: Violation of California Business & Professions Code §§ 17200, et seq. *Compl.* ¶¶ 57–73.

On July 13, 2022, Defendants removed *Alders II* to federal court on the basis of ERISA's complete preemption doctrine. *See Notice of Removal*, Dkt. # 1 ("*NOR*"), ¶¶ 6 (citing ERISA Section 502(a)). Shortly thereafter, Defendants filed their motion to dismiss or, in the

---

[1] By statute, only four classes of plaintiffs have standing to sue under ERISA: (1) plan participants, (2) beneficiaries, (3) fiduciaries, and (4) the Secretary of Labor. *See* 29 U.S.C. § 1132(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1303 PSG (DFMx) | Date | November 23, 2022 |
|---|---|---|---|
| Title | Alders v. Yum! Brands, Inc. et al. | | |

alternative, transfer venue. *See generally Mot. to Dismiss*. Plaintiff subsequently filed the pending motion for remand and motion for attorney's fees incurred by the removal. *See generally Remand Mot.*; *Fees Mot.*

Because resolution of Defendants' motion to dismiss hinges on whether the Court retains jurisdiction over the matter, the Court first addresses Plaintiff's motions for remand and attorney's fees.

II. <u>Motion for Remand</u>

    A. <u>Legal Standard</u>

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). And the case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).

The party invoking the federal court's removal jurisdiction—in this case, Defendants—has the burden of establishing subject matter jurisdiction, "and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand."). Existence of federal court jurisdiction is determined from the face of the complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). A "cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). However, one exception to the well-pleaded complaint rule is "where federal law completely preempts state law." *Id.* at 63–64; *see also Harper v. San Diego Transit Corp.*, 764 F.2d 663, 666 (9th Cir. 1985) ("A plaintiff may not . . . avoid federal jurisdiction simply by omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1303 PSG (DFMx) | Date | November 23, 2022 |
|---|---|---|---|
| Title | Alders v. Yum! Brands, Inc. et al. | | |

be made only under federal law."). A federal court therefore may examine the record before it and consider evidence outside the pleading to determine whether the action is federal in nature. *See Deanco Healthcare, LLC v. Blue Cross of Cal.*, No. LA CV20-05662 JAK (ADSx), 2021 WL 3704375, at *6 (C.D. Cal. Jan. 6, 2021).

      B.     Discussion

Defendants removed this action on the basis of complete preemption under ERISA, *see NOR* ¶ 6, 17; however, Defendants have failed to establish that removal is proper.

A state law claim properly forms the basis for removal under 28 U.S.C. § 1441 when it "is subject to complete preemption under the civil enforcement provisions of ERISA Section 502(a)." *See Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944–61 (9th Cir. 2009). "That section provides, in relevant part, that a civil action may be brought by a participant or beneficiary to an employee benefits plan 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Deanco Healthcare*, 2021 WL 3704375, at *5 (citing 29 U.S.C. § 1132(a)(1)(B)). A state law claim is completely preempted by the provision if (1) plaintiff "at some point in time, could have brought [the] claim under ERISA [Section 502(a)]" and (2) "no other independent legal duty . . . is implicated by [the] defendant's actions"). *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

The Court's analysis remains unchanged—Plaintiff still lacks statutory standing to bring his claims under ERISA as he was not a plan participant. *See Alders I Dismissal Order* at 6–7; *accord Rosset*, 2014 WL 8623332, at *8–9 ("[U]nder Ninth Circuit authority, a claim that a former employee plaintiff should have been included in a plan, but actually was not included in a plan, does not give [the] plaintiff a 'colorable claim to vested benefits for ERISA standing purposes.'" (citing *Curtis v. Nev. Bonding Corp.*, 53 F.3d 1023, 1028–29 (9th Cir. 1995), *overruled on other grounds by Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969 (9th Cir. 2012))). ERISA only confers standing on former employees "who have a reasonable expectation of returning to covered employment or . . . a colorable claim to vested benefits." *Vaughn v. Bay Environmental Mgmt, Inc.*, 567 F.3d 1021, 1025 (9th Cir. 2009) (citing *Firestone Tire & Rubber Co. v. Bruch*, 498 U.S. 101, 117 (1989)). Neither are alleged here.

Defendant's arguments to the contrary miss the mark. First, irrespective of whether Plaintiff's participant status is a substantive, rather than jurisdictional, element of an ERISA claim, *see Remand Opp.* 8, it is nonetheless a necessary element. *See Leeson*, 671 F.3d at 971;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1303 PSG (DFMx) | Date | November 23, 2022 |
|---|---|---|---|
| Title | Alders v. Yum! Brands, Inc. et al. | | |

*see also Davila*, 542 U.S. at 210–11. Complete preemption does not apply unless Plaintiff could have brought his claims under ERISA, *see Davila*, 542 U.S. at 210, and Plaintiff cannot have brought his claims under ERISA because he lacks statutory standing, *accord Rosset*, 2014 WL 8623332, at *8–9 (finding defendant could not meet their burden under the first prong of the *Davila* test because former employee plaintiffs were not participants under ERISA and thus remanding the matter).

Moreover, the fact that Plaintiff's complaint omits references to Defendants' plans, including 401(k) deferrals and health care enrollment—or rather lack thereof, does not affect the analysis. *Remand Opp.* 10:6–14, 11:1–6 (arguing that Plaintiff pleaded automatic participation in Defendants' plans by failing to plead that he never made necessary deferrals to or enrolled in the plans). Defendants bear the burden of proving that Plaintiff could have brought his claim under ERISA; Plaintiff does not bear the burden of proving he could not. *See Rosset*, 2014 WL 8623332, at *9. Defendants cannot manufacture standing through Plaintiff's silence and at the same time concede that judicially-noticed ERISA plan documents accompanying the motion to dismiss may require the Court to reach a different result. *Compare id.*, *with id.* 6 n.5 (conceding that the Court may, upon review of Defendants' motion and accompanying exhibits, determine that Plaintiff lacks statutory standing).

Finally, Plaintiff's action for damages is not one for benefits promised by an ERISA-governed plan or future benefits under an ERISA-governed plan. *See Remand Opp.* 7 (attempting to analogize the case to *Davila*, 542 U.S. 200). Instead, Plaintiff seeks damages *from Defendants* "in the amount of the value of the vacation days, holidays, sick days, medical premiums, dental premiums, [and] retirement contributions" that Plaintiff would have been able to receive had Defendants properly classified him as an employee. *See Remand Reply* 6:15–22 (citing *Compl.* ¶ 54). While such a damage calculation may require a court to consider Defendants' ERISA plans, it "does not give rise to complete preemption." *See Holloway v. Gilead Scis., Inc.*, No. 16-CV-02320-VC, 2016 WL 3526060, at *1 (N.D. Cal. June 23, 2016) (remanding matter where state law claims implicated ERISA only to the extent that the damages calculation was based on the value of ERISA benefits plaintiff would have received had she been properly classified).

The Court therefore finds that Defendants have failed to carry their burden and establish removal is proper under ERISA's complete preemption doctrine. As such, the Court **GRANTS** Plaintiff's motion for remand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1303 PSG (DFMx) | Date | November 23, 2022 |
|---|---|---|---|
| Title | Alders v. Yum! Brands, Inc. et al. | | |

### III. Motion for Attorney's Fees

The Court now considers Plaintiff's request for attorney's fees and costs for the filing of the motion for remand. *See generally Fees Mot.* Courts have broad discretion under 28 U.S.C. § 1447(c) to award attorney's fees where removal lacked an objectively reasonable basis. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008). Although the Court agrees that Defendants lacked a reasonable basis to remove the instant action, *see generally Fees Mot.*, the Court ultimately declines to consider Plaintiff's motion and award fees based on Plaintiff's failure to comply with the meet-and-confer mandate of Local Rule 7-3. *See Fees Opp.* 7:12–8:4; *id.* 8 n.10 (noting that Plaintiff's failure resulted in unnecessary motion practice); *see also* L.R. 7-4 ("The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3.").

The Court thus **DENIES** Plaintiff's motion for attorney's fees and costs.

### IV. Motion to Dismiss

Because the Court concludes that removal was improper, and the action must be remanded to Orange County Superior Court, the Court **DENIES AS MOOT** Defendants' motion to dismiss or transfer venue.

### V. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for remand, **DENIES** Plaintiff's motion for attorney's fees, and **DENIES AS MOOT** Defendants' motion to dismiss.

This order closes the case.

**IT IS SO ORDERED.**